UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACKIE E. CLARK,

    Plaintiff,

v.                                  Case No.: 8:09-CV-00888-T-17-MAP

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

**ORDER FOR PETITION FOR AWARD OF ATTORNEY FEES UNDER 42 U.S.C. § 406(b)**

THIS CAUSE is before this Court on Plaintiff's ("Clark") attorneys, DAVID S. SIMON ("Simon") and SARAH H. BOHR ("Bohr") (collectively referred to as "Petitioners"), petition for award of attorney fees under 42 U.S.C. § 406(b). (Doc. 28) and response thereto (Doc. 31). For the following reasons this petition for attorney's fees is GRANTED.

    I.    *Background*

Petitioners moved the Court to award $12,577.75 as a reasonable 42 U.S.C § 406(b) attorney fee for Petitioners' representation of Plaintiff in this civil action. (Doc. 28). The issue is whether Petitioners made a timely motion for attorney fees under 42 U.S.C. § 406(b), or within the fourteen (14) day period prescribed by Fed. R. Civ. P. 54(d)(2)(B).

    II.    *Factual Background*

Clark retained Petitioners on January 4, 2006, for representation in appealing the denial of SSDI and SSI benefits. After the Social Security Administration denied review, Clark retained Petitioners to appeal the case at the district court level and to represent Clark in any remand proceedings. The fee agreement entered into between Clark and Petitioners was a contingency fee agreement that provided payment of 25% of past due benefits upon award.

By order dated May 10, 2010, this Court granted the Commissioner's unopposed motion to remand, and remanded Clark's case for additional proceedings. (Doc. 24). On remand, an administrative law judge issued a fully favorable decision on August 26, 2011, and awarded Clark present and past benefits commencing with an onset date of November 6, 2004. Clark was awarded back benefits totaling more than $50,000.00. Over 27.8 hours were spent by Petitioners at the district court level. (Doc. 26). On December 25, 2011, the Social Security Administration informed Petitioners of the amount of past due benefits due to Clark and also notified Petitioners of the amount withheld for attorney's fees ($12,577.75). The final calculations on Clark's past due benefits were still pending as of December 25, 2011. On January 9, 2012, Petitioner's moved for attorney fees under 42 U.S.C. § 406(b). (Doc. 28). Petitioners have received EAJA fees in the amount of $4,789.99 and, as required by law, will refund this amount to Clark upon receipt of the amount sought under 406(b). The reasonableness of attorney fees is not in controversy and the only issue is whether the motion for attorney fees was timely. The Commissioner argues that the fourteen (14) day time period to request attorney fees began when this Court remanded the case on May 10, 2010. Petitioners argue that the request for attorney fees was timely and within the fourteen (14) day

period. The sole question for resolution of this matter is the meaning of "after entry of judgment," under Fed. R. Civ. P. 54(d)(2)(B)(I) specifically, pertaining to Social Security Disability rulings.

*III.   Discussion*

Section 206(b)(1)(A) of the Social Security Act, 42 U.S.C. 406(b)(a)(A), provides that a court may award a "reasonable" attorneys fee not in excess of 25% of past-due benefits under Title II of the Social Security Act for an attorney's representation of a plaintiff for Title II benefits before that court. The Federal Rules of Civil Procedure require that a claim for attorney's fees be made by a motion "filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(I). An application for fees under § 406(b) must be brought within the time provided by Fed.R.Civ.P. 54(d)(2), which requires filing a motion for attorney fees within fourteen days "after entry of judgment." *Bergen v. Comm'r of Social Security,* 454 F.3d 1273, 1277 (11th Cir.2006). In *Bergen,* the Eleventh Circuit stated that determining whether a motion for attorney fees is timely filed "requires deciding when the 14 day period for filing petitions provided in the rules begins to run for a § 406(b) petition." *Id.* at 1277-78. The *Bergen* court suggested that the best practice for avoiding confusion about integrating Fed.R.Civ.P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for the plaintiff to request, and the district court to include, in the remand judgment a statement that attorney's fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. More recently, in *Blitch v. Astrue,* 261 Fed.Appx. 241 (11th Cir.2008), the Eleventh Circuit vacated the district court's dismissal of a fee petition as untimely where the Commissioner did not object to the timeliness of the petition and

3

suggested that district courts should fashion a general order or a local rule permitting district-wide application of a universal process for seeking fees under these unique circumstances, keeping in mind Congress's intent behind § 406(b) to encourage attorneys to represent Social Security claimants. *Blitch,* at 241 n. 1. Although the order remanding this case did not specify a deadline within which the Petitioners could seek attorney fees following an award of past due benefits by the Commissioner, under the Eleventh Circuit's rulings in *Bergen* and *Blitch,* the Petitioners fee petition is filed timely.

The Social Security Administration notified the Plaintiff of its award of past due benefits in a letter dated December 25, 2011. On January 9, 2011, Petitioners filed the motion for attorney fees. (Doc. 28) Under Fed.R.Civ.P. 6(d), by adding three days to computation of time after service of pleadings by mail, Petitioner's motion for attorney fees was filed within fourteen (14) days of the SSA's award of benefits. The award letter is the most logical time the fourteen (14) day period would begin to toll. Before receiving the award letter Petitioners would not know what the attorney fees award would be and, therefore, would not be able to petition this Court for the contingency fee due. To go a step further, the fourteen (14) day time limit should not begin to run until Petitioners are aware of the actual benefit calculation.

The Eleventh Circuit made clear in *Bergen,* the time limit set forth in Fed.R.Civ.P. 54(d)(2)(B) applies to attorneys fee claims under § 406(b). *Bergen* at 1277. However, the *Bergen* court did not address when that time limit begins to run for purposes of a § 406(b) motion, even though the court recognized that confusion exists over how to integrate the time limit of Fed.R.Civ.P. 54(d)(2)(B) into the procedural framework under § 406(b). This confusion exists because a person cannot make a claim for fees, or determine the

amount of a fee award under § 406(b), unless and until that person is awarded benefits (and, in particular, back benefits) from the Social Security Administration. Yet a judgment in federal court reversing and remanding the case to the Commissioner to determine eligibility for such benefits is typically entered months, if not years, before any such award is made. Therefore, if the 14–day time limit of Fed.R.Civ.P. 54(d)(2), were to run from the date of the entry of judgment, the plaintiff would be in the untenable position of seeking an award for fees that the plaintiff is not yet entitled to, for an entirely undetermined amount, which cannot be reduced to judgment until some unknown future point in time. Recognizing this conflict, the *Bergen* Court suggested that "the best practice, in the entry of a judgment for immediate entry of benefits, would be for the Plaintiff to request and the Court to include in the judgment a statement that attorney's fees may be applied for within a specified time after the determination of Plaintiff's past due benefits by the Commission." *Cook v. Commissioner of Social Security*, No. 3:08–cv–912–J–34MCR, 2010 WL 2871816 (M.D.Fla. July 20, 2010). Recognizing that, "there is no general order or local rule which institutes procedures for seeking § 406(b) fees," the magistrate judge in *Cook* applied "the most liberal reading of Rule 54(d)(2)(B)" and construed the 14–day limitations period to begin to run "on the date the notice of award is served." *Id.* at * 1; *see also Walker v. Astrue*, 593 F.3d 274 (3rd Cir.2010) (reaching the same result by holding that Rule 54(d)(2)(B)'s limitations period applies to § 406(b) motions for attorneys fees, but is tolled until the notice of award is issued by the Commissioner and counsel is notified of the award). *Rosenthal v. Astrue*, 5:10-CV-67-OC-10TBS, 2011 WL 6010348 (M.D. Fla. Nov. 30, 2011). Petitioner's

petition for attorney fees was timely and within the fourteen (14) day time period under Fed.R.Civ.P. 54(d)(2)(B). Accordingly, it is:

**ORDERED** that the Petitioner's petition for award of attorney fees under 42 U.S.C. § 406(b). is **GRANTED** and judgment for the fees in the amount of $12,577.75 be entered by the Clerk of Court.

**DONE and ORDERED** in Chambers, in Tampa, Florida this 22nd day of February, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:   All parties and counsel of record